[No. 10099.   Department Two.   November 1, 1912.]

THE STATE OF WASHINGTON, *Respondent*, v. BELLINGHAM BAY BREWERY, *Appellant*.[1]

INTOXICATING LIQUORS—OFFENSES—ILLEGAL SALES—LOCAL OPTION LAW—SALE AND DELIVERY AT BREWERY—STATUTES—CONSTRUCTION. A brewery in a no-license unit is not authorized to make a delivery of a case of bottled beer at its brewery to a person calling there for it, by Rem. & Bal. Code, § 6309, providing that the local option law shall not apply in no-license units to shipments or deliveries of unbroken packages at residences which are not places of business or of public resort, by manufacturers or wholesalers in their own conveyances by common carrier or otherwise, and providing that the act shall not prohibit the manufacture from raw material "nor the delivery of the same."

Appeal from a judgment of the superior court for Whatcom county, Kellogg, J., entered October 23, 1911, upon overruling a demurrer to the information, adjudging the defendant guilty of selling liquor in a dry unit in violation of the local option law.   Affirmed.

*Chas. A. Sather*, for appellant.

*Frank W. Bixby* and *Howard C. Thompson*, for respondent.

PER CURIAM.—The appellant was informed against for the offense of selling intoxicating liquor in a unit in which such sales were forbidden by law.   The facts constituting the offense were stipulated between the parties and are as follows:

[1]Reported in 127 Pac. 297.

"It is stipulated between the state and the defendant in this cause that the following are the facts upon which the information is based in said cause and shall be considered by the court in passing on the demurrer to said information.

"That the defendant Bellingham Bay Brewery is an incorporated company and manufacturing plant engaged in the manufacture of intoxicating liquors from raw materials at Bellingham, Washington.

"That the city of Bellingham is a 'dry' or no-licensed unit within the meaning of Chapter 81 of Session Laws of 1909.

"That on or about the 30th day of June, 1911, two men called at the office of the Bellingham Bay Brewery and purchased of the proper employee in charge of the sales department, a case of bottled beer. This case was an unbroken package containing five gallons and over to wit: Twenty-four quarts, and they paid therefor the regular price of $3.50. That the sale was effected in the usual and customary way of making sales at breweries, that is, by taking a sales slip from the proper clerk at the office and presenting the same at the bottling works (all in one plant), where said men were given the beer in exchange for the slip. The liquor was thereupon taken away from the premises by said men and not opened or used thereon.

"That it is conceded by the state in this case that said brewery has a right to manufacture, sell and deliver its goods to patrons, provided that the delivery is made in conveyance owned or furnished by it to the residence of said patron; it is conceded for sake of argument of demurrer that the defendant has complied with the general license laws with reference to its business.

"That the only and immediate question involved here is whether or not said brewery had a right to deliver its goods upon its own premises to any purchaser or patron who may present himself willing to pay therefor and take the same away.

"That defendant is charged with having violated section 18, chapter 81 of the Session Laws of Washington, 1909, by the information herein."

To the information and stipulation, a demurrer was filed, based on the ground that the facts stated do not constitute a crime. The demurrer was overruled, and upon the election

of the defendant to stand thereon, it was adjudged guilty of the offense charged, and sentenced to pay a fine of $50. This appeal is from the judgment so entered.

Section 18 of the local option act (Laws 1909, p. 165; Rem. & Bal. Code, § 6309), prescribing under what circumstances and by whom intoxicating liquors may be sold and delivered in a no-license unit, reads as follows:

"It shall be unlawful for any person, or public or private carrier, to accept or receive for shipment, transportation or delivery to any person or place within any unit in which the sale of intoxicating liquor is forbidden under the provisions of this act, or to carry, bring into or transfer to any other person, carrier or agent, or handle, deliver or distribute in any such unit any intoxicating liquor of any sort or character whatsoever; and whoever shall, either as principal, agent or servant, knowingly violate any of the provisions of this section shall, upon conviction thereof, be fined not less than fifty dollars nor more than five hundred dollars, and upon a subsequent violation of this section, in addition to the fine hereinbefore prescribed, he shall, if a natural person, be imprisoned in the county jail for not less than thirty days nor more than six months: Provided, however, That nothing herein contained shall be construed to apply to any individual who may bring into such unit upon his person or as his personal baggage and for his private use intoxicating liquor in quantity not to exceed one gallon of spirituous liquor or one case of malt liquor, nor to physicians or druggists to whom any public carrier may deliver such goods in unbroken packages, nor to deliveries to churches or the proper officers thereof of wine in unbroken packages for sacramental purposes, nor in shipments or deliveries at residences which are not places of business or of public resort, by manufacturers or wholesalers in their own conveyances, or by any common carrier or otherwise, any unbroken packages of liquor, nor to shipments of liquor in continuous transit to a point outside of such unit, nor to shipments of commercially pure alcohol for mechanical or chemical purposes. This section shall apply to all packages of intoxicating liquor, whether broken or unbroken, and the carrying into or delivery of each such package of intoxicating liquor, regardless of the name by which it may be called, ac-

cepted, received, carried, transferred, handled, delivered, or distributed in violation of the provisions of this section, shall constitute a separate offense, and any liquor so carried or delivered shall be forfeited and shall be destroyed by the officer seizing the same: Provided, That nothing in this act shall be construed to prohibit the manufacture of intoxicating liquor from the raw material in any no-license unit, nor the delivery of the same."

It will be observed that the only exception made in favor of manufacturers and wholesalers from the general prohibition against the sale and delivery of intoxicating liquors in a no-license unit is the clause in the first proviso of the section quoted, which prescribes that nothing in the act shall apply "to shipments or deliveries at residences which are not places of business or of public resort, by manufacturers or wholesalers in their own conveyances, or by common carrier, or otherwise, any unbroken packages of liquor," and the clause in the last proviso, which prescribes that nothing in the act "shall be construed to prohibit the manufacture of intoxicating liquor from the raw material in any no-license unit, nor the delivery of the same." The first proviso plainly does not include deliveries by the manufacturer at the place of manufacture, and, hence, would preclude a brewery manufacturing beer from delivering the same on its own premises to a consumer residing within the no-license unit; and we think nothing is added to the manufacturer's right in this respect by the concluding clause in the last proviso. The delivery therein contemplated must be the delivery mentioned in the first proviso, otherwise we must convict the legislature of intending a repeal of the clause referring to manufacturers contained in the first proviso by the clause in the second. This we cannot do, and consequently we hold that the trial court correctly resolved in the negative the question stated in the stipulation.

The judgment is affirmed.